IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MUNARBEK BORBUEV | ) | |
| | ) | |
| Petitioner, | ) | No. 26 C 3647 |
| | ) | |
| v. | ) | Judge Robert W. Gettleman |
| | ) | |
| BRINSON SWEARINGEN, Warden for the Clay County, Indiana, Jail, | ) ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION AND ORDER**

Petitioner Munarbek Borbuev ("Borbuev") has filed a 28 U.S.C. § 2241 habeas corpus petition challenging his present detention in Immigration and Customs Enforcement ("ICE") custody. For the following reasons, the court grants in part Borbuev's petition. Respondents are ordered to provide Borbuev with a bond hearing pursuant to the process outlined in the Immigration and Nationality Act of 1952 ("INA"), 8 U.S.C. § 1226(a), by April 20, 2026. If the bond hearing is not held by April 20, 2026, the court orders Borbuev to be released.

**BACKGROUND**

Borbuev asserts that he is a citizen of Russia and a native of Kyrgyzstan, and that he entered the United States on December 16, 2022. Respondents assert that he was detained and paroled out of custody shortly thereafter under 8 U.S.C. § 1182(d)(5) with a Form I-385. Borbuev further asserts: that he timely filed an I-589 Application for Asylum and for Withholding of Removal, and attended his biometrics appointment in January 2023; that he has obtained a work authorization document, and has been gainfully employed since at least October 2024; that he has no criminal history; that he has been living in Illinois in Mount Prospect since

1

January 2023; and that he has strong ties to his community where his three minor children attend schools and one minor child, who is a U.S. citizen, attends a daycare.

According to Borbuev, on April 1, 2026, ICE detained him during his routine check-in appointment at the ICE office in Chicago, and he was served with a Notice to Appear for a master calendar hearing set for April 14, 2026. Respondents represent that "[a]t the time his petition was filed, Borbuev was detained at the Broadview Detention Center located in Broadview, Illinois, which is within the Northern District of Illinois." They further represent that he is currently being held in Clay County Jail, 611 E. Jackson Street, Brazil, Indiana, 47834, and that they understand that Brinson Swearingen, Sheriff, is the proper respondent for the Clay County, Indiana, Jail.

There is no indication that petitioner has had, or will have, a bond hearing under 8 U.S.C. § 1226(a).

## DISCUSSION

Because petitioner was in custody in Illinois when he filed his petition, the court may properly hear the petition even though he has been transferred to Indiana. Ex parte Endo, 323 U.S. 283, 307 (1944); see also Trump v. J.G.G., 604 U.S. 670, 672 (2025); In re Hall, 988 F.3d 376, 378-79 (7th Cir. 2021).

Respondents make the same jurisdictional arguments here that they have made in many courts across the country—including in this district. A vast majority of those courts—including this one—concluded that the court had jurisdiction over petitions challenging the denial of a petitioner's right to seek bond. See, e.g., Flores v. Olson, No. 25 C 12916, 2025 WL 3063540, at *1 (N.D. Ill. Nov. 3, 2025) (Gettleman, J.); Miguel v. Noem, No. 25 C 11137, 2025 WL 2976480, at *1 (N.D. Ill. Oct. 21, 2025); Ochoa Ochoa v. Noem, No. 25-cv-10865, 2025 WL

2938779 at *2 (N.D. Ill. Oct. 16, 2025); Alejandro v. Olson, No. 25-cv-02027, 2025 WL 2896348, at *3 (S.D. Ind. Oct. 11, 2025). For the same reasons articulated in Flores, the court finds that 8 U.S.C. §§ 1252(a)(2)(B)(ii), 1252(b)(9), and 1252(g) do not strip district courts of jurisdiction over habeas petitions for detention hearings, and that requiring Borbuev to exhaust his remedies would be futile.

Absent extenuating circumstances, the only proper respondent in a habeas case is the detainee's immediate custodian. See Trump 604 U.S. at 672; Rumsfeld v. Padilla, 542 U.S. 426 at 442 (2004); see generally Reimnitz v. State's Att'y of Cook Cnty., 761 F.2d 405, 409 (7th Cir. 1985) (explaining that in some circumstances "the important thing is not the quest for a mythical custodian, but that the petitioner name as respondent someone (or some institution) who has both an interest in opposing the petition if it lacks merit, and the power to give the petitioner what he seeks if the petition has merit—namely, his unconditional freedom"). Respondents suggest here that Borbuev's immediate custodian is Sheriff Swearingen. He will thus be substituted for the rest of the listed respondents under Fed. R. Civ. P. 25(d).

Respondents advance the same statutory interpretation arguments that this court rejected in Flores. See Flores, 2025 WL 3063540, at *3; see also Ochoa Ochoa, 2025 WL 2938779 at *4-5; H.G.V.U. v. Smith, No. 25-cv-10931, 2025 WL 2962610, at *4-5 (N.D. Ill. Oct. 20, 2025). Again, the court, in agreement with the majority of its sister courts, finds that the mandatory detention provision in the INA, 8 U.S.C. § 1225(b)(2)(A), does not apply to individuals like Borbuev—noncitizens who are inadmissible under the INA but are already present in the country. The fact that Borbuev was paroled into the country does not change this analysis. The court rejects the Board of Immigration Appeals' interpretation of the INA in Yajure Hurtado as incorrect as a matter of law, and notes that Yajure Hurtado is neither binding on nor persuasive

3

to this court.

As it did in <u>Flores</u>, moreover, this court also finds that the denial of bond based on <u>Yajure Hurtado</u> violates procedural due process. The court's Due Process discussion in <u>Flores</u> applies with equal force to Borbuev.

Finally, the court agrees with Respondents that Borbuev's request for attorney fees is premature, and so denies that request without prejudice.

### CONCLUSION

For the above reasons, the court grants in part Borbuev's petition. Respondents are ordered to provide Borbuev with a bond hearing pursuant to the process outlined in 8 U.S.C. § 1226(a) by April 20, 2026. If the bond hearing is not held by April 20, 2026, the court orders Borbuev to be released. The parties are directed to file a status report by April 21, 2026, updating the court on whether the ordered bond hearing was held and the status of his continued detention or release from custody. The Clerk is directed to substitute "Brinson Swearingen, Warden for the Clay County, Indiana, Jail" for respondents. This matter is set for what the court hopes to be a final, in-person status hearing on April 23, 2026, at 1:30 p.m. The hearing previously set for April 14, 2026, is vacated.

**ENTER:**

**Robert W. Gettleman**
**United States District Judge**

**DATE: April 13, 2026**

4